IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:06-CR-32 |
| | § | |
| CRAIG PIPPS | § | |

REPORT AND RECOMMENDATION RE:
DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On April 6, 2006, the court ordered a psychiatric exam to determine if defendant is competent to stand trial.  Docket No. 14.  Defendant subsequently received a comprehensive evaluation by medical personnel at the Federal Medical Center in Fort Worth, Texas.  On May 30, 2006, Cole Jeter, the warden, returned a copy of the competency report prepared by forensic psychologist Dr. Randall Rattan and reviewed by chief psychologist Marti Carlson.

The competency report concludes that in the opinion of the clinical staff, no objective evidence exists to indicate that defendant suffers from a mental disorder that would substantially impair his present ability to understand the nature and

consequences of the court proceedings against him, or his ability to properly assist counsel in his defense.

A competency hearing was conducted on June 15, 2006.[1]  At the hearing, defendant appeared in court with counsel, Gary Bonneaux.  The court admitted into evidence the psychiatric report detailing the results and findings, and both the government and defense counsel indicated no objections to the findings, conclusions and recommendation in the report.

The undersigned therefore concludes that defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.  18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

---

[1] Courts differ on whether defendants' competency determinations are within a magistrate judge's dispositive authority.  Compare United States v. Hamilton, 107 F.3d 499  (7th Cir. 1997) (Magistrate Judge Goodstein determined competency  of defendant to stand trial) with United States v. Robinson, 253 F.3d 1065 (8th Cir. 2001)(magistrate judge issued report and recommendation to district judge regarding defendant's competency to stand trial).
    Absent explicit instructions from the governing United States Court of Appeals  for the Fifth Circuit  on this issue,  to fully preserve the prerogative  of the  district  judge  to whom  this case  is assigned,  and to provide  adversely-affected  parties  with equal opportunity  for  review, the undersigned  elects to submit a report and recommendation, rather than rule on the matter.

## RECOMMENDATION

The court should find defendant competent to stand trial because he understands the proceeding against him and has the ability to assist his attorney under Title 18, United States Code, Section 4241.

## OBJECTIONS

Objections must be: (1) specific; (2) in writing; and (3) served and filed within 10 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of the proposed findings and recommendations, Rodriquez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, Douglas v. United Serv. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

SIGNED this  19   day of June, 2006.

*[signature: Earl S. Hines]*

Earl S. Hines
United States Magistrate Judge