IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:06-CR-32 |
| | § | |
| CRAIG PIPPS | § | |

## MEMORANDUM RE MOTION TO REOPEN DETENTION HEARING

Defendant moves to reopen his detention hearing.  For grounds, defendant asserts that new evidence relevant to the issue can be presented.  First, defendant seeks to show that he has available a responsible third party custodian, his step-mother Mrs. Cynthia Pipps.  Second, he can present additional evidence in the form of affidavits from family members, friends and community acquaintances who vouch for defendant's character as a peaceful, loving and helpful person.

The United States moved for defendant's detention at his initial appearance.  A detention hearing was conducted on March 29, 2006.  At that time, defendant was unable to control his emotions and cried more or less continuously during the hearing.  He proposed Mrs. Pipps as third party custodian.  Mrs. Pipps testified that when defendant does not take prescribed medications, he cannot conform his conduct to the law or other socially-acceptable norms.  She further testified that she is the only available person who can make defendant take his medicines, and otherwise supervise him.

At the conclusion of the hearing, the court observed that Mrs. Pipps also was in an unstable emotional state; that neither defendant nor Mrs. Pipps could afford to purchase necessary medications; and that no arrangements were in place whereby defendant otherwise could obtain his medications.  Consequently, the court announced that based on then-existing evidence, the court would be compelled to grant the government's motion for detention.

Nonetheless, the court withheld formal ruling pending results of a court-ordered mental competency examination.  An examination took place at the Federal Medical Center in Fort Worth, Texas, and a forensic medical examination report was received in due course.  A competency hearing was convened on June 19, 2006, and defendant was determined to be competent.

At the conclusion of that hearing, the court revisited the detention issue.  The court observed that the defendant – having received intensive treatment in a psychiatric hospital environment and appropriate prescription medications – was much improved.  However, his proposed third-party custodian, Mrs. Pipps, was ill with pneumonia, and she likely was destined for immediate hospitalization.  Inasmuch as the existing evidence was that Mrs. Pipps was the only person who can control the defendant's behavior, and because she was not then available, the court granted the government's motion for detention and ordered defendant detained.

Before concluding the June, 2006 hearing, the court noted that the detention issue could be revisited. Specifically, the court agreed to reconsider its decision if defendant could show subsequently that (a) his proposed third-party custodian is available, and (b) procedures are in place whereby defendant can obtain necessary medications in a structured setting, such as an inpatient or outpatient treatment program.

Defendant's current motion sufficiently alleges that the first of the conditions established by the court now can be met. However, the motion does not aver that defendant can satisfy the second condition. Moreover, defendant's trial is imminent (August 21, 2006), and this circumstance suggests that insufficient time remains for defendant to meet this condition.

For the foregoing reasons, defendant's motion to reopen will be denied by separate order. The motion may be reasserted upon averring that all conditions established by the court can be met, and upon showing that imminency of trial does not render pretrial release essentially a moot question.

SIGNED this __14__ day of August, 2006.

_____
Earl S. Hines
United States Magistrate Judge